UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GRAY DISLA
        Plaintiff,
  v.
THE CITY OF NEW YORK,                                            **COMPLAINT**
NEW YORK CITY POLICE DETECTIVE
JUAN JIMENEZ, NEW YORK CITY POLICE OFFICERS
JOHN DOE ONE and TWO,
FEDERAL LAW ENFORCEMENT OFFICERS
JOHN DOE ONE through TEN,
        Defendant(s).
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, GRAY DISLA, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, GRAY DISLA, is a United States Resident, and is, and at all times relevant herein, a resident of Queens County in the State of New York.

8. Defendant, NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, upon information and belief, of the 103rd Precinct, is at all times relevant, an Officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendant, NEW YORK CITY POLICE DETECTIVE JIMENEZ is sued individually and in his official capacity.  At all times relevant, Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant, NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as a Police Officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as an Officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant(s), NEW YORK CITY POLICE OFFICERS JOHN DOE NUMBER ONE and TWO, also upon information and belief, of the 103rd Precinct, are at all times relevant, Officers and employee/agent(s) of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK.  Defendant(s) NEW YORK CITY POLICE

OFFICERS JOHN DOE ONE and TWO are sued individually and in their official capacities. At all times relevant, Defendant(s) NEW YORK CITY POLICE OFFICERS JOHN DOE ONE and TWO were acting under the color of State Law in the course and scope of their duties and functions as agent(s), servants, employees and Officers of THE NEW YORK CITY DEPARTMENT and Defendant CITY OF NEW YORK, and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE ONE and TWO were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agent(s) and employee(s) of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant(s) FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOE ONE through TEN, upon information and belief of the U.S. Department of Homeland Security and the Bureau of Alcohol, Tobacco, Firearms and Explosives, are at all times relevant, Officers and employee/agents of their respective Agencies.  Defendant(s), FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOE ONE through TEN are sued individually, and in their official capacity.  At all times relevant, Defendant(s) FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOE ONE through TEN were acting under the color of Law in the course and scope of their duties and functions as agent(s), servant(s), employee(s) and Officers of the U.S. Department of Homeland Security and the Bureau of Alcohol, Tobacco, Firearms and Explosives, and otherwise performed and engaged in conduct incidental to the performance of their lawful duties.  Defendant(s) FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOE ONE through TEN were acting for and on behalf of their respective agencies at all times relevant herein with the power and authority vested in them as law enforcement officers and

     incidental to the lawful pursuit of their duties as Officers, employee(s), and agent(s) of their respective agencies.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

12. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK, and assumes the risks incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officer(s).

## STATEMENT OF FACTS

13. On November 19, 2019 at approximately 6:00 a.m. the Plaintiff, GRAY DISLA, was inside of his residence located at 8912 163rd Street the Jamaica section of New York City, within the confines of the 103rd Precinct of THE NEW YORK CITY POLICE DEPARTMENT, when named Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, accompanied by named Defendant Officers NEW YORK CITY POLICE OFFICERS JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, and named Defendants FEDERAL LAW ENFORCEMENT OFFICERS ONE through TEN, entered the above mentioned location. The named Defendant Officers, including named Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, ordered the Plaintiff's mother to call the Plaintiff on the telephone, shortly after-which the Plaintiff came upstairs from the basement of the residence,

where he was sleeping. The named Defendant Officers proceeded to direct the Plaintiff to the upstairs part of the residence, where the Plaintiff was ordered to sit in a chair by Defendant NEW YORK CITY POLICE DETECTIVE JIMENEZ. The named Defendant Officers then proceeded to search the entire premises for approximately five hours while the Plaintiff was kept seated. The named Defendant Officers gave the Plaintiff a copy of a Search Warrant as they were leaving the Plaintiff's residence, but not before unlawfully taking $8,700.00 in US Currency from the Plaintiff's possession, which currency was not the subject of the search warrant, and was found in a location of the residence which was outside of the designated scope area of the Search Warrant issued under Eastern District of New York Case Number 19-MJ-1052. Named Defendant Officers, NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO, Defendant FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOES ONE through TEN, and Defendant CITY OF NEW YORK did not give the Plaintiff a receipt for the US Currency taken from the Plaintiff's possession by the aforementioned named Defendants, and have failed to return the money to the Plaintiff.

### FIRST FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Seizure And Retention**

14. The Plaintiffs incorporate by reference each of the allegations set forth in Paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15. Upon information and belief, on November 19, 2019 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO, acting under color of State

Law, violated Section 42 U.S.C. 1983 by unlawfully searching portions of the Plaintiff's residence without lawful reason or cause, seizing $8,700.00 in US Currency from the Plaintiff and not returning it.

16. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- Due Process Violations**

17. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. Upon information and belief, on November 19, 2019 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully seizing and wrongfully retaining $8,700.00 in United States Currency from the Plaintiff, without due process of law.

19. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations**

20. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. Upon information and belief, on November 19, 2019, the conduct of named Defendants, NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and JOHN DOE NUMBER TWO acting under color of State Law, violated the Fifth Amendment to the US Constitution, Section 42 U.S.C. 1983 by unlawfully causing the seizure of the personal property of Plaintiff and causing Plaintiff the loss of the use and of his personal property, without lawful reason or cause.

22. That the actions of Defendant, NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ, POLICE OFFICER JOHN DOE NUMBER ONE, and JOHN DOE NUMBER TWO occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of rights Secured by Section 42 U.S.C 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.**

23. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. Upon information and belief, on November 19, 2019, the conduct of FEDERAL LAW ENFORCEMENT OFFICERS ONE through TEN acting under color of State Law violated the Fifth Amendment to the US Constitution, Section 42 U.S.C. 1983 by unlawfully seizing US Currency from the Plaintiff without lawful reason or cause.

25. That the actions of Defendants, FEDERAL LAW ENFORCEMENT OFFICERS JOHN DOE NUMBER ONE though TEN, occurred in and during the scope of their duties and functions as Federal Law Enforcement Officers, and while acting as employees of the US Government, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE**, the Plaintiff demand the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE DETECTIVE JUAN JIMENEZ.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

Dated: November 4, 2022  
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.  
(VB-5289)  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373